Porto Rican Leaf Tobacco Company, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando en parte la inscripción de una escritura sobre siembra y cultivo y refacción e hipoteca.

No. 310.—Resuelto en marzo 13, 1917.

Refacción Agrícola—Inscripción en el Registro a Nombre de Persona Determinada—Arrendatario—Usufructuario.—Si bien para las anotaciones de contratos de refacción agrícola en el registro destinado al efecto, no es necesaria la inscripción previa de la finca en el registro de la propiedad, como así lo dispone la sección 14 de la Ley No. 37 de 10 de marzo de 1910, cuya sección no fué enmendada por la ley posterior No. 59 de 9 de marzo de 1911, inscrita una finca en el registro de la propiedad a nombre de persona determinada, no puede otra celebrar sobre ella contrato de préstamo con la garantía de sus productos con carácter de arrendatario o usufructuario, sin justificar ese carácter y la extensión del mismo, según se desprende de la sección 3ª. de aquella ley.   A falta del documento en que conste el concepto de arrendataria o de usufructuario del terrateniente, bastará la conformidad que preste con el contrato de refacción el dueño de la finca afectada por el arrendamiento o el usufructo.

Id.—Facultades de los Registradores—Calificación de Documentos.—La facultad de calificar los documentos sujetos a inscripción o anotación y la

capacidad de los otorgantes, que reconoce la Ley Hipotecaria en su artículo 18 a los registradores, comprende los documentos de refacción agrícola, y para que puedan calificar dicha capacidad es forzoso el examen de los documentos que la justifican.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador recurrido Sr. Augusto Malaret, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 97 otorgada en esta ciudad de San Juan a 5 de septiembre de 1916 ante el notario Luis Muñoz Morales, la corporación The Porto Rican Leaf Tobacco Company y Alfonso Ortiz Utset celebraron un contrato sobre siembra y cultivo de tabaco y refacción e hipoteca, en virtud del cual Ortiz se obligó a preparar, sembrar y cultivar de tabaco para la cosecha de 1916 a 1917, 60 cuerdas del terreno de cuatro fincas que bajo las letras A, B, C, D, se describen en dicha escritura, a saber, 12 cuerdas de la primera, 10 de la segunda, 28 de la tercera y 10 de la cuarta, y para atender a los gastos de semillas, preparación del terreno, siembra, cultivo y recolección del tabaco la corporación expresada concedió a Ortiz un préstamo refaccionario hasta la suma de $4,800 bajo las condiciones que se expresan en el mismo documento, garantizando Ortiz el pago del préstamo con el tabaco que se recolectara y con primera hipoteca, que por sí y como apoderado de su esposa constituyó sobre la finca letra A con cabida de 38 cuerdas 42 céntimos, radicada en el barrio Rincón del término municipal de Cayey.

En la misma escritura al expresarse el título por virtud del cual poseía Ortiz las cuatro fincas, se hace constar expresamente:

1°. Que la finca letra A es propiedad de Ortiz y la adquirió por compra a Reparada Nogueras López, según escritura No. 165 de 19 de agosto de 1916, otorgada en Barranquitas ante el notario don Francisco Navarro Ortiz.

2°. Que la finca letra B es propiedad de Pedro Vázquez García y la posee Ortiz como usufructuario hasta el día 5 de julio de 1917, según escritura de constitución de hipoteca No. 126 de 5 de julio de 1916, otorgada en Cayey ante el notario don Francisco Navarro Ortiz.

3°. Que la finca letra C es propiedad de Petra Hernández Rodríguez y sus hijos Carlos, Josefa y Esteban Antón Hernández y fué arrendada al Ortiz por la Petra Hernández Rodríguez por sí y como apoderada especial de sus mencionados hijos por término de cuatro años a contar desde 30 de junio de 1916 según escritura No. 124 de 30 de junio de 1916, otorgada en Cayey ante el notario Francisco Navarro Ortiz.

4°. Que la finca letra D es propiedad de Francisco Fernández Navas y fué dada en arrendamiento a Ortiz por Francisco Fernández Colón como apoderado general de Fernández Navas por término de 9 meses, 7 días, desde 24 de agosto de 1916 hasta el día último de mayo de 1917, según contrato privado de arrendamiento suscrito por arrendador y arrendatario en Cayey a 24 de agosto de 1916.

Presentada al registro de contratos agrícolas de Guayama la escritura No. 97 de 5 de septiembre de 1916, para su anotación, fué anotada en cuanto a la finca letra A y denegada la anotación en cuanto a las demás por medio de nota que literalmente dice así:

"Anotado el precedente documento con vista de otro en el Registro de Contratos Agrícolas en cuanto a la finca que se describe bajo la letra A al folio 103 vto. del tomo 1°. de Cayey, finca No. 24 anotación letra C; y denegado: en cuanto a la finca letra B, por figurar inscrita a nombre de Pedro Vázquez García y no acreditar el Señor Ortiz Utset su carácter y facultades como usufructuario de la misma; en cuanto a la descrita cón la letra C por aparecer inscrita a nombre de Don José Antón Blasco y en cuanto a la letra D por figurar inscrita a favor de Don Francisco Fernández Navas, sin que haya acreditado el Señor Ortiz Utset su carácter y facultades de arrendatario de las mismas; tomándose en su defecto anotación preventiva á favor de la Porto Rican Leaf Tobacco Company en cuanto a la finca letra B al folio 227 del tomo 1°. de Cidra, finca No. 51 ano-

tación letra A, y en cuanto a las fincas C y D a los folios 133 y 138 del tomo 2°. de Cayey fincas Nos. 91 y 92 anotaciones letras A. Guayama, febrero dos, de mil novecientos diez y siete. A. Malaret, Registrador.''

La expresada nota en cuanto a la denegatoria que contiene ha sido recurrida para ante esta Corte Suprema por la corporación The Porto Rican Leaf Tobacco Company.

Entendemos que estando inscritas como lo están en el Registro de la Propiedad de Guayama las fincas marcadas con las letras B, C, D a nombre respectivamente de Pedro Vázquez García, de José Antón Blasco y de Francisco Fernández Navas, ha debido Alfonso Ortiz Utset acreditar ante el registrador su carácter y facultades como usufructuario de la finca letra B, como también ha debido acreditar ante el propio registrador su carácter y facultades de arrendatario de las otras dos fincas letras C y D, con tanto mayor motivo respecto de la finca letra C, cuanto que ésta aparece inscrita en el registro de la propiedad a nombre de José Antón Blasco, contra lo afirmado en la escritura de 5 de septiembre de 1916, de ser Petra Hernández Rodríguez y sus hijos Carlos, Josefa y Esteban Antón Hernández los dueños de esa finca letra C.

Ciertamente que para las anotaciones de contratos agrícolas en el registro destinado al efecto, no es necesaria la previa inscripción de la finca en el registro de la propiedad, como así lo dispone la Sección 14 de la Ley No. 37 de 10 de marzo de 1910, cuya sección no fué enmendada por la Ley posterior No. 59 de 9 de marzo de 1911, y con ello se propuso el legislador favorecer el desarrollo del crédito territorial y facilitar la contratación sobre frutos a los terratenientes que carecieran de título inscribible. Pero no cabe sostener que inscrita una finca en el registro de la propiedad a nombre de persona determinada pueda otra celebrar sobre ella contrato de préstamo con la garantía de sus productos con carácter de arrendatario o usufructuario, sin justificar ese carácter y la extensión del mismo. Puede suceder muy bien que al contrato garantizando la refacción con frutos de una finca que posea

un terrateniente como arrendatario o usufructuario, se opongan la extensión y alcance de las facultades concedidas al terrateniente en cualquiera de los conceptos indicados. De ahí la necesidad de que el registrador conozca cuáles son esas facultades mediante el examen del documento demostrativo del arrendamiento o del usufructo, cuando tal documento existe, como en el presente caso, sin que baste una mera referencia al mismo. En todo caso bastará la conformidad manifiesta del dueño de la finca con la garantía que ofrezca el arrendatario o usufructuario.

La anterior doctrina se desprende de la misma ley No. 37 al ordenar en su sección 3ª. que cualquier terrateniente a título de dueño, poseedor, arrendatario o usufructuario de fincas rústicas podrá verificar con terceras personas el contrato de refacción agrícola definido en la sección 1ª. de dicha ley; pero si el terrateniente lo fuese a título de arrendamiento u otra forma temporal de usufructo, el contrato de refacción no podrá extenderse más allá del término y condiciones fijados al derecho del arrendatario o usufructuario sobre la tierra. ¿Cómo puede saber el registrador que el terrateniente a título de arrendamiento o usufructo no se ha extendido más allá del término y condiciones fijados a su derecho?

La contestación es clara: o teniendo a la vista para su examen el documento en que conste el concepto de arrendatario o de usufructuario del terrateniente, o a falta de tal documento, por la conformidad que preste con el contrato de refacción el dueño de la finca afectada por el arrendamiento o el usufructo.

La facultad de calificar los documentos sujetos a inscripción o anotación y la capacidad de los otorgantes, que reconoce la Ley Hipotecaria en su artículo 18 a los registradores, comprende los documentos de refacción agrícola, y para que puedan calificar dicha capacidad es forzoso el examen de los documento que la justifican.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.